**EMMET, MARVIN & MARTIN, LLP**
Thomas A. Pitta, Esq.
Jennifer R. Pierce, Esq.
120 Broadway 32nd Floor
New York, New York 10271
(212) 238-3000 (Telephone)
*Proposed Counsel to the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Venetian Care & Rehabilitation Center, LLC, *et al.* | Case No.: 26-14510(VFP) |
| Debtors.[1] | (Joint Administration Requested) |

**NOTICE OF DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) DISPENSING
WITH THE APPOINTMENT OF A HEALTH CARE OMBUDSMAN;
AND (II) GRANTING RELATED RELIEF**

      **PLEASE TAKE NOTICE** that on May 19, 2026 at 10:00 a.m. (ET), or as soon thereafter as counsel may be heard, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through undersigned counsel, shall move for entry of an order: (a) dispensing with the appointment of a health care ombudsman in these chapter 11 cases; and (b) granting related relief (the "Motion") before the Honorable Vincent F. Papalia, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") at 50 Walnut Street, Newark, NJ 07102, Courtroom 3B.

      **PLEASE TAKE FURTHER NOTICE** that the Motion sets forth the relevant factual bases upon which the relief requested should be granted. A proposed order granting the relief requested in the Motion is also submitted herewith.

---

[1]     The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Venetian Care & Rehabilitation Center, LLC (3447); Windsor Healthcare Management, LLC (8442); Buckingham at Norwood Care & Rehabilitation Center, LLC (8881); Ashbrook Care & Rehabilitation Center LLC (8833); Cornell Hall Care & Rehabilitation Center LLC (9141); Greenbrook Manor Care & Rehabilitation Center LLC (9365); Llanfair House Care & Rehabilitation Center LLC (9620); Merwick Care & Rehabilitation Center, LLC (9389); Canterbury at Cedar Grove Care & Rehabilitation Center LLC (8863). The location of the Debtors' principal place of business is 100 McClellan Street, Norwood, NJ 07648.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection, and (iii) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the United States Bankruptcy Court in accordance with the *Local Rules of the United States Bankruptcy Court for the District of New Jersey* (the "Local Rules"), and shall be served in accordance with Local Rule 9013-2, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and served, the Motion shall be decided on the papers in accordance with Local Rule 9013-3(d), and the relief requested may be granted without further notice or hearing.

DATED: April 28, 2026                    Respectfully submitted,


**EMMET, MARVIN & MARTIN, LLP**

*/s/ Thomas Pitta*
Thomas A. Pitta, Esq.
Jennifer R. Pierce, Esq.
120 Broadway 32nd Floor
New York, New York 10271
(212) 238-3000 (Telephone)

*Proposed Counsel to the Debtors and*
*Debtors-in-possession*

-2-

**EMMET, MARVIN & MARTIN, LLP**
Thomas A. Pitta, Esq.
Jennifer R. Pierce, Esq.
120 Broadway 32nd Floor
New York, New York 10271
(212) 238-3000 (Telephone)
*Proposed Counsel to the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Venetian Care & Rehabilitation Center, LLC, *et al.*<br><br>Debtors.[2] | Chapter 11<br><br>Case No.: 26-14510(VFP)<br><br>(Joint Administration Requested) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) DISPENSING WITH THE
APPOINTMENT OF A HEALTH CARE OMBUDSMAN;
AND (II) GRANTING RELATED RELIEF**

The above-captioned Debtors and Debtors-in-possession (collectively, the
"**Debtors**"),[3] respectfully state as follows in support of this motion (this "**Motion**"):

**RELIEF REQUESTED**

1. The Debtors seek entry of an order, substantially in the form attached hereto as
**Exhibit A** (the "**Order**"): (a) dispensing with the appointment of a health care ombudsman; and
(b) granting related relief.

---

[2]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Venetian Care & Rehabilitation Center, LLC (3447); Windsor Healthcare Management, LLC (8442); Buckingham at Norwood Care & Rehabilitation Center, LLC (8881); Ashbrook Care & Rehabilitation Center LLC (8833); Cornell Hall Care & Rehabilitation Center LLC (9141); Greenbrook Manor Care & Rehabilitation Center LLC (9365); Llanfair House Care & Rehabilitation Center LLC (9620); Merwick Care & Rehabilitation Center, LLC (9389); Canterbury at Cedar Grove Care & Rehabilitation Center LLC (8863). The location of the Debtors' principal place of business is 100 McClellan Street, Norwood, NJ 07648.

[3]   A detailed description of the Debtors, their business, and the facts and circumstances surrounding these chapter 11 cases is set forth in the *Declaration of Jacen Dinoff in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**"), filed contemporaneously herewith. Capitalized terms used but not defined herein shall retain the meanings ascribed to them in the First Day Declaration.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the District of New Jersey (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 101 and 333 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 2007.2 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rules 9013-1 and 9013-5 of the Local Bankruptcy Rules for the District of New Jersey (the "**Local Rules**").

**BACKGROUND**

5.      As set forth in the First Day Declaration, the Debtors formerly operated 8 skilled nursing facilities that provided nursing care, rehabilitation and healthcare services, and assistance with activities of daily living to residents.  However, in or around April 2025, the Debtors' assets and portfolio were sold to the New Operators, which now own and/or operate the Debtors' former facilities.  The Debtors do not operate any of the facilities, have no employees, and have no patients.  They exist to permit the New Operators to operate their facilities under the Debtors' licenses until the New Operators' CHOW application is approved.

6.      On April 23, 2026 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

## BASIS FOR RELIEF

7.      Section 333(a)(1) of the Bankruptcy Code provides that if the debtor in a case under chapter 11 "is a health care business, the court shall order, not later than 30 days after the commencement of the case, the appointment of an ombudsman to monitor the quality of patient care and to represent the interests of the patients of the health care business *unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case*" (emphasis added).

8.      Likewise, Bankruptcy Rule 2007.2 provides that in a chapter 11 case "in which the debtor is a health care business, the court must order the appointment of a patient-care ombudsman under §333—*unless the court, on motion of the United States trustee or a party in interest, finds that appointing one is not necessary to protect patients*" (emphasis added).

9.      Pursuant to section 101(27A) of the Bankruptcy Code, a "health care business" is defined as one (A) "that is primarily engaged in offering to the general public facilities and services for (i) the diagnosis or treatment of injury, deformity, or disease; and (ii) surgical, drug treatment, psychiatric, or obstetric care"; and (B) includes skilled nursing facilities.

10.      Bankruptcy Courts have identified nine non-exclusive factors that are relevant in deciding whether an ombudsman is needed for the protection of patients:

  i.     The cause of the bankruptcy;

  ii.    The presence and role of licensing or supervising entities;

  iii.   The Debtor's past history of patient care;

  iv.    The ability of the patients to protect their rights;

  v.     The level of dependency of the patients on the facility;

vi.   The likelihood of tension between the interests of the patients and the debtor;

vii.   The potential injury to the patients if the debtor drastically reduced its level of patient care;

viii.   The presence and sufficiency of internal safeguards to ensure appropriate level of care; and

ix.   The impact of the cost of an ombudsman on the likelihood of a successful reorganization.

*In re Parkchester Oral & Maxillofacial Surgery Assocs. PC*, No. 23-11015 (MEW), 2023 WL 5761923, at *2 (Bankr. S.D.N.Y. Sept. 6, 2023).

11.   "Other factors to be considered include (1) the high quality of the debtor's existing patient care; (2) the debtor's financial ability to maintain high quality patient care; (3) the existence of an internal ombudsman program to protect the rights of patients; and/or (4) the level of monitoring and oversight by federal, state, local, or professional association programs which renders the services of an ombudsman redundant." *Id.*

12.   Here, the appointment of an ombudsman would merely create a significant expense for the Debtors' estates for no benefit. The Debtors' business used to consist of healthcare services as defined in section 101(27A) of the Bankruptcy Code. However, since the sale of their assets in or around April 2025, the Debtors do not operate any nursing home facility and do not provide any healthcare services. As such, for over one year, none of the Debtors has had any patients, and none of the Debtors has engaged in offering facilities and services for (i) the diagnosis or treatment of injury, deformity, or disease or (ii) surgical, drug treatment, psychiatric, or obstetric care. Rather, the New Operators operate the Debtors' former nursing home facilities.

13.   Thus, all of the factors considered by Courts to determine whether an ombudsman is necessary for the protection of patients weigh against appointing an ombudsman in this case. Indeed, these bankruptcy proceedings were not precipitated by allegations of deficient patient care

or other patient concerns, but by the Debtors' inability to pay all of their creditors with the proceeds from the sales of their assets to the New Operators.

14.     Accordingly, the appointment of an Ombudsmen under Bankruptcy Rule 2007.2 is not necessary, in that none of the Debtors engages in any of the types of services outlined in section 101(27A) of the Bankruptcy Code.

15.     Courts routinely dispense with the appointment of an ombudsman where the debtor is no longer operating, and even where the debtor still qualifies as a health care business if there are no issues regarding patient care.  *See, e.g.*, *In re Banes*, 355 B.R. 532, 536 (Bankr. M.D.N.C. 2006) (denying motion for appointment of a patient care ombudsman where "[t]he Debtor has ceased patient care and is, by the assertion of its attorney, defunct, and therefore should not be classified as a health care business under § 101(27A)"); *In re Jennifer L. Ney Do Inc.*, No. 11-63563, 2011 WL 6032839, at *1 (Bankr. N.D. Ohio Dec. 5, 2011) (dispensing with appointment of ombudsman where "Debtor has closed its business and is no longer providing any health care services to any patients," "there is no patient dependency on Debtor's operations any longer," "there has been no indication to the court that the bankruptcy was caused by any patient issues," and "the cost of a patient care ombudsman would unnecessarily burden Debtor's estate and simultaneously provide little or no benefit to Debtor's former patients"); *Parkchester*, 2023 WL 5761923, at *5 (denying appointment of ombudsman "given the limited nature of the outpatient services that Parkchester provides, the agreed fact that it has had no issues regarding patient care, and patients' lack of dependence on the particular facilities of Parkchester"); *In re Thomas Health Sys., Inc.*, No. 2:20-20007, 2020 WL 2026658, at *2 (Bankr. S.D.W. Va. Apr. 6, 2020) (same where "the bankruptcy was not precipitated by any allegations of deficient patient care or patient privacy concerns" and "an ombudsman would create a substantial expense for the Debtors' estates"); *In re Barnwell Cnty. Hosp.*, No. 11-06207-DD, 2011 WL 5443025, at *5 (Bankr. D.S.C. Nov. 8, 2011) (same where,

among other things, debtor filed for bankruptcy "due to a shortfall of revenue to pay its debts, not because there are any allegations of deficient patient care").

16.     Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors and should be granted in all respects.

## WAIVER OF MEMORANDUM OF LAW

17.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to rule 9013-1(a)(3) of the Local Bankruptcy Rules for the District of New Jersey because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## NO PRIOR REQUEST

18.     No prior request for the relief sought in this Motion has been made to this or any other court.

## NOTICE

19.     The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the Office of the U.S. Trustee for the District of New Jersey, Attn: Fran B. Steele, Esq. (Fran.B.Steele@usdoj.gov); (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; and (e) any party that is entitled to notice pursuant to Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

-8-

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the

form attached hereto as **Exhibit A**, granting the relief requested herein.

DATED: April 28, 2026                Respectfully submitted,


**EMMET, MARVIN & MARTIN, LLP**

*/s/ Thomas Pitta*
Thomas A. Pitta, Esq.
Jennifer R. Pierce, Esq.
120 Broadway 32nd Floor
New York, New York 10271
(212) 238-3000 (Telephone)

*Proposed Counsel to the Debtors and
Debtors-in-possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

**EMMET, MARVIN & MARTIN, LLP**
Thomas A. Pitta, Esq.
Jennifer R. Pierce, Esq.
120 Broadway 32nd Floor
New York, New York 10271
(212) 238-3000 (Telephone)

| | |
|---|---|
| In re:<br><br>Venetian Care & Rehabilitation Center, LLC,<br><br>             Debtor. | Chapter 11<br><br>Case No. 26-14510<br><br>Joint Administration Requested |
| and associated bankruptcy cases bearing Case Nos.:<br><br>26-14509, 26-14511, 26-14512, 26-14513, 26-14514, 26-14515, 26-14516, 26-14517 | |

**ORDER (I) DISPENSING WITH THE APPOINTMENT OF A HEALTH CARE**
**OMBUDSMAN AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through three (3), is

**ORDERED**.

Page (2)
Debtors:              VENETIAN CARE & REHABILITATION CENTER, LLC, *et al.*
Case No.:             26-14510
Caption of Order:     ORDER (I) DISPENSING WITH THE APPOINTMENT OF A HEALTH
                      CARE OMBUDSMAN AND (II) GRANTING RELATED RELIEF

Upon the *Debtors' Motion for Entry of an Order (I) Dispensing with the Appointment of a Health Care Ombudsman and (II) Granting Related Relief* (the "Motion"),[4] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) dismissing with the appointment of a health care ombudsman in the Debtors' chapter 11 cases, and (b) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.     The Motion is **GRANTED**, as the appointment of a health care ombudsman pursuant to 11 U.S.C. § 333(a)(1) is not necessary under the specific facts of this case.

---

[4] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

-2-

Page (3)
Debtors:          VENETIAN CARE & REHABILITATION CENTER, LLC, *et al.*
Case No.:         26-14510
Caption of Order: ORDER (I) DISPENSING WITH THE APPOINTMENT OF A HEALTH
                  CARE OMBUDSMAN AND (II) GRANTING RELATED RELIEF

3. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

4. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

5. Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

6. A true copy of this Order shall be served on all required parties pursuant to Local Rule 9013-5(f).

7. This Order shall be effective immediately upon entry.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.