**TYRONE A. BLACKBURN, ESQ.**
T.A. BLACKBURN LAW, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
Tel: 347-342-7432
Email: Tblackburn@tablackburnlaw.com
*Counsel for Creditor Angela Erika Roque*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Venetian Care & Rehabilitation Center, LLC, et al.,<br><br>　　　　　　　　　　　　Debtors. | Case No.: 26-14510 (VFP)<br>(Jointly Administered)<br><br>Chapter 11<br><br>Notice of Motion |

PLEASE TAKE NOTICE that Creditor Angela Erika Roque, by and through her undersigned counsel, T.A. Blackburn Law, PLLC, shall move before the Honorable Vincent F. Papalia, United States Bankruptcy Judge, United States Bankruptcy Court for the District of New Jersey, at the Martin Luther King, Jr. Federal Building, 50 Walnut Street, Newark, New Jersey 07102, on May 21, 2026, at 10:00 a.m., or as soon thereafter as counsel may be heard, for entry of an Order pursuant to 11 U.S.C. § 362(d)(1), Federal Rule of Bankruptcy Procedure 4001(a), and D.N.J. LBR 4001-1 modifying the automatic stay imposed by 11 U.S.C. § 362(a).

PLEASE TAKE FURTHER NOTICE that the relief requested is limited. Ms. Roque seeks modification of the automatic stay solely to permit her to continue, prosecute, liquidate, settle, and, if necessary, appeal her pre-petition employment discrimination, equal-pay, wage-and-hour, retaliation, and related claims in *Angela Erika Roque v. Venetian Care & Rehabilitation Center, LLC, et al.*, Civil Action No. 3:23-cv-20659-GC-JTQ, pending in the United States District Court for the District of New Jersey, solely for the purpose of recovering against available insurance proceeds under Policy No. 652081439 issued by Continental Insurance Company of New Jersey/CNA, and not against property of the Debtors' bankruptcy estates.

PLEASE TAKE FURTHER NOTICE that Ms. Roque does not seek authority to execute upon, garnish, attach, levy against, seek turnover of, or otherwise collect from any property of the Debtors' bankruptcy estates. Any recovery by Ms. Roque shall be limited to available insurance proceeds unless further order of this Court is obtained.

PLEASE TAKE FURTHER NOTICE that, in support of the Motion, Ms. Roque relies upon the accompanying Motion for Relief from the Automatic Stay, the Certification pursuant to D.N.J. LBR 4001-1, the Certification pursuant to D.N.J. LBR 9013-1, the proposed form of Order, and all pleadings and proceedings previously filed in these jointly administered Chapter 11 cases and in the District Court Action.

1

PLEASE TAKE FURTHER NOTICE that, pursuant to D.N.J. LBR 9013-2, any opposition to the Motion must be filed and served no later than seven (7) days before the hearing date, unless a different deadline is ordered by the Court. Any reply shall be filed and served no later than four (4) days before the hearing date, unless otherwise ordered by the Court.

PLEASE TAKE FURTHER NOTICE that if no timely opposition is filed and served, the Court may treat the Motion as unopposed and may enter an Order granting the relief requested without further notice or hearing.

PLEASE TAKE FURTHER NOTICE that Ms. Roque also requests waiver of the fourteen-day stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3), because the requested stay relief is limited to continuation of the District Court Action and recovery from available insurance proceeds only.

Dated: 5/5/2026

Brooklyn, New York

Respectfully submitted,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T.A. BLACKBURN LAW, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
Tel: 347-342-7432
Email: tblackburn@tablackburnlaw.com
*Counsel for Creditor Angela Erika Roque*

2

**TYRONE A. BLACKBURN, ESQ.**
T.A. BLACKBURN LAW, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
Tel: 347-342-7432
Email: Tblackburn@tablackburnlaw.com
*Counsel for Creditor Angela Erika Roque*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Venetian Care & Rehabilitation Center, LLC, et al.,<br><br>Debtors. | Case No.: 26-14510 (VFP)<br>(Jointly Administered)<br><br>Chapter 11<br>Memorandum of Law |

CREDITOR ANGELA ERIKA ROQUE'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) TO ALLOW CONTINUATION OF PENDING EMPLOYMENT LITIGATION FOR THE SOLE PURPOSE OF RECOVERING AGAINST AVAILABLE INSURANCE PROCEEDS

1

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT
JURISDICTION AND VENUE
FACTUAL BACKGROUND
    A.  Ms. Roque's Employment and Claims
    B.  The District Court Action
    C.  The CNA Insurance Policy
    D.  The Debtors Are Wind-Down Entities with No Ongoing Operations
LEGAL ARGUMENT
I.      The Automatic Stay Should Be Modified for Cause Pursuant to 11 U.S.C. § 362(d)(1)
II.     All Three Rexene Factors Favor Granting Limited Relief from the Automatic Stay
    •  Factor 1 — No Prejudice to the Bankruptcy Estate or the Debtors
    •  Factor 2 — The Hardship to Ms. Roque from Continuing the Stay Outweighs Any Hardship to the Debtors
    •  Factor 3 — Ms. Roque Has a Reasonable Probability of Prevailing on the Merits
III.    Ms. Roque Expressly Limits Her Recovery to Available CNA Insurance Proceeds
RELIEF REQUESTED
CERTIFICATION PURSUANT TO D.N.J. LBR 4001-1
CERTIFICATION PURSUANT TO D.N.J. LBR 9013-1

**TABLE OF AUTHORITIES**

Cases

- Al Stewart v. Holland Acquisitions, Inc., No. 2:19-cv-1247, 2021 WL (W.D. Pa. 2021).
- Baldino v. Wilson (In re Wilson), 116 F.3d 87 (3d Cir. 1997).
- Blair v. Ranger Ins. Co., No. 95-2591, 1996 WL (E.D. Pa. 1996).
- Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.), 141 B.R. 574 (Bankr. D. Del. 1992).
- In re Glunk, 342 B.R. 717 (Bankr. E.D. Pa. 2006).
- In re Integrated Health Servs., Ch. 11 Case No. 00-389 (MFW), 2000 Bankr. LEXIS 1319 (Bankr. D. Del. Aug. 11, 2000).
- In re Mager, 614 B.R. 504 (Bankr. E.D. Pa. 2020).
- In re Metro Transp. Co., 82 B.R. 351 (Bankr. E.D. Pa. 1988).
- In re Todd Shipyards Corp., 92 B.R. 600 (Bankr. D.N.J. 1988).
- Qu Wang v. Fu Leen Meng Rest. Ltd. Liab. Co., No. 15-6447, 2018 WL 1027446 (D.N.J. Feb. 23, 2018).
- Singh v. A&H Logistics Corp., No. 22-13546, 2024 U.S. Dist. LEXIS 213829 (D.N.J. Nov. 22, 2024).
- Thompson v. Real Est. Mortg. Network, 748 F.3d 142 (3d Cir. 2014).
- Thompson v. Real Est. Mortg. Network, 106 F. Supp. 3d 486 (D.N.J. 2015).
- Zuniga v. Am. Framing LLC, No. 20-8759, 2022 WL 203234 (D.N.J. Jan. 24, 2022).

Statutes

- 11 U.S.C. § 362(d)(1)
- 28 U.S.C. § 157
- 28 U.S.C. § 1334
- 28 U.S.C. § 1408
- 28 U.S.C. § 1409
- N.J. Stat. Ann. § 34:11-56a4
- N.J. Stat. Ann. § 34:11-56a25

Rules

- Fed. R. Bankr. P. 4001(a)
- Fed. R. Bankr. P. 4001(a)(3)
- D.N.J. LBR 4001-1
- D.N.J. LBR 9013-1

Creditor Angela Erika Roque ("Movant" or "Ms. Roque"), by and through undersigned counsel, respectfully moves this Court pursuant to 11 U.S.C. § 362(d)(1), Rule 4001(a) of the Federal Rules of Bankruptcy Procedure, and D.N.J. LBR 4001-1, for entry of an Order modifying the automatic stay to permit Ms. Roque to continue and prosecute to final judgment or settlement her pre-petition employment discrimination and wage claims in <u>Angela Erika Roque v. Venetian Care & Rehabilitation Center, LLC, et al.</u>, Civil Action No. 3:23-cv-20659-GC-JTQ, currently pending in the United States District Court for the District of New Jersey (the "District Court Action"), solely for the purpose of recovering against the insurance proceeds available under the Employment Practices and Third Party Liability Coverage Part of Policy No. 652081439 issued by Continental Insurance Company of New Jersey (CNA) and not against the assets of the bankruptcy estate. In support thereof, Ms. Roque states as follows:

## PRELIMINARY STATEMENT

Ms. Roque is a former employee of Debtor Venetian Care & Rehabilitation Center, LLC ("Venetian"), who from approximately February 2017 through July 2022 was subjected to systematic wage discrimination, unpaid overtime, and discriminatory employment practices in violation of the New Jersey Law Against Discrimination ("NJLAD"), the New Jersey Diane B. Allen Equal Pay Act ("NJEPA"), the Fair Labor Standards Act ("FLSA"), and the New Jersey Wage and Hour Law ("NJWHL"). Her claims—totaling in excess of $2,000,000 in damages, statutory multipliers, and attorneys' fees—were the subject of active litigation in the District Court Action prior to the Debtors' bankruptcy filing on April 23, 2026.

Critically, the Debtors' insurance carrier, Continental Insurance Company of New Jersey (a CNA company), has been defending this action under an Employment Practices Liability ("EPL") policy bearing Policy No. 652081439 (the "Policy") since before the end of 2023. CNA attended mediation of this matter and made a settlement offer of $300,000, which was rejected by Ms. Roque as inadequate. The Policy provides an EPL aggregate limit of $2,500,000 with a combined policy maximum of $3,000,000.

The automatic stay should be modified to permit Ms. Roque to liquidate her claims in the District Court Action for one simple reason: the Debtors have no meaningful ability to defend this case, CNA is the real party in interest on the defense, and all recovery will come solely from the CNA Policy proceeds—not from the bankruptcy estate. Granting relief will have no adverse effect on the estate or on other creditors.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.
2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).
3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.
4. The statutory basis for the relief requested herein is 11 U.S.C. § 362(d)(1).

## FACTUAL BACKGROUND

### A.  Ms. Roque's Employment and Claims

5. Angela Erika Roque was employed by Debtor Venetian Care & Rehabilitation Center, LLC ("Venetian"), located at 275 John T. O'Leary Boulevard, South Amboy, New Jersey 08879, from approximately February 2017 through July 2022.

4

6.  Throughout her employment, Ms. Roque regularly worked approximately 90 hours per week—15 hours per day, 6 days per week—yet was consistently paid below the rates paid to male comparators performing substantially similar work under similar conditions.

7.  Ms. Roque's claims include: (a) unpaid overtime wages in violation of the FLSA and NJWHL; (b) pay discrimination based on sex in violation of the NJLAD and NJEPA; (c) retaliation; and (d) related employment law violations. Her documented damages, exclusive of statutory multipliers and attorneys' fees, total in excess of $2,000,000 as reflected in the Exhibits to her Proof of Claim and mediation submissions in this matter.

**B.  The District Court Action**

8.  On November 9, 2023, Ms. Roque commenced the District Court Action captioned <u>Angela Erika Roque v. Venetian Care & Rehabilitation Center, LLC, et al.</u>, Civil Action No. 3:23-cv-20659-GC-JTQ, in the United States District Court for the District of New Jersey.

9.  The District Court Action was actively litigated prior to the Debtors' bankruptcy filing, including discovery, motion practice, and a mediation session attended by CNA.

10.  On April 23, 2026, the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, commencing the above-captioned jointly administered cases. The automatic stay imposed by 11 U.S.C. § 362(a) thereby halted all proceedings in the District Court Action.

**C.  The CNA Insurance Policy**

11.  At all relevant times during the pendency of the District Court Action, the Debtors were insured under an employment practices liability insurance policy issued by Continental Insurance Company of New Jersey (a CNA company), Policy No. 652081439 (the "Policy"), bearing the following applicable terms:

- Named Insured: Windsor Healthcare Management Limited Liability Company.
- Policy Period: March 1, 2022, to March 1, 2023.
- EPL Aggregate Limit: $2,500,000 (inclusive of defense costs).
- Combined Maximum Aggregate (all coverage parts): $3,000,000.
- EPL Retention: $75,000 per claim.
- Duty to Defend: Yes.

12.  CNA has accepted the tender of defense in the District Court Action, has actively funded the defense of the Debtors and co-defendants, attended mediation, and offered $300,000 to settle Ms. Roque's claims. At minimum, CNA's conduct confirms that CNA has treated the District Court Action as falling within the Policy's defense obligations and that the defense of the litigation is being funded outside the bankruptcy estate.

13.  The Policy also provides a one-year Extended Reporting Period at 100% of the annual premium.

**D.  The Debtors Are Wind-Down Entities with No Ongoing Operations**

14.  As disclosed in their first-day filings, the Debtors sold all eight of their skilled nursing facilities to new operators in or around April 2025. As of the petition date, the Debtors: (a) have no employees; (b) operate no facilities; (c) provide no healthcare services; and (d) exist solely as pass-through entities to collect and distribute accounts receivable pending Change of Ownership approvals. *See* Dkt. 10, at 5.

5

15. The Debtors' bankruptcy was caused by their inability to satisfy all creditor obligations from the proceeds of the 2025 asset sale—not by any operational failure, patient care issue, or ongoing business need. *See* Dkt. 10, at 7.

16. Given the Debtors' wind-down status, lack of employees, and lack of ongoing operations, there is no estate-centered justification for continuing the stay where the defense is being funded by CNA and Ms. Roque seeks recovery solely from available insurance proceeds.

### LEGAL ARGUMENT

i. **THE AUTOMATIC STAY SHOULD BE MODIFIED FOR CAUSE PURSUANT TO 11 U.S.C. § 362(d)(1)**

17. Section 362(d)(1) of the Bankruptcy Code provides that the Court "shall grant relief from the stay" upon "request of a party in interest and after notice and a hearing," upon a showing of "cause." 11 U.S.C. § 362(d)(1). The term "cause" as used in section 362(d) "has no obvious definition and is determined on a case-by-case basis." In re Integrated Health Servs., Ch. 11, Case No. 00-389 (MFW) (Bankr. D. Del. Aug. 11, 2000), 2000 Bankr. LEXIS 1319, at *4–5;* accord Baldino v. Wilson (In re Wilson)*,* 116 F.3d 87, 90 (3d Cir. 1997). Once the movant makes a prima facie showing of cause, the burden shifts to the debtor pursuant to 11 U.S.C. § 362(g). Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.), 141 B.R. 574, 576 (Bankr. D. Del. 1992).

18. Bankruptcy courts within this Circuit commonly apply a three-factor balancing test when determining whether "cause" exists to lift the stay to allow continuation of pending civil litigation. The Court considers:

    (a) whether any great prejudice to either the bankruptcy estate or the debtor will result from continuation of the civil suit;

    (b) whether the hardship to the non-bankrupt party from maintenance of the stay considerably outweighs the hardship to the debtor; and

    (c) whether the creditor has a probability of prevailing on the merits. In re Integrated Health Servs., 2000 Bankr. LEXIS 1319, at *4–5;* see also Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.), 141 B.R. 574, 576 (Bankr. D. Del. 1992).

19. As demonstrated below, each factor weighs decisively in Ms. Roque's favor.

ii. **ALL THREE REXENE FACTORS FAVOR GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

**Factor 1 — No Prejudice to the Bankruptcy Estate or the Debtors**

20. The bankruptcy estate will suffer no cognizable prejudice if the stay is lifted for the limited purpose requested. Ms. Roque seeks recovery solely from available CNA Policy proceeds and will not execute against estate property absent further order of this Court. CNA has accepted the defense and is funding the defense. To the extent any retention, deductible, coverage dispute, or estate-property issue is later asserted, Ms. Roque agrees that she must return to this Court before seeking collection from any property of the estate.

21. Movant recognizes that insurance policies may constitute property of the estate and that, in certain cases, policy proceeds may implicate estate interests where multiple claimants compete for finite coverage. That concern does not require denial of relief here. Ms. Roque does not seek a declaration concerning coverage, priority, exhaustion, allocation, or ownership of policy proceeds. She seeks only permission to liquidate her claims in the District Court Action and to recover solely from available insurance proceeds, subject to

6

this Court's continuing jurisdiction. Any dispute concerning coverage, policy exhaustion, proceeds allocation, retentions, deductibles, or estate-property issues remains expressly reserved for later determination by this Court. This limitation preserves the estate while allowing the District Court Action to proceed in the forum where the employment-law claims were already pending.

22. The Debtors have disclosed that they have no employees, no ongoing operations, and no active healthcare facilities to protect. *See* Dkt. 10 at 5. There is therefore no ongoing business operation that would be disrupted by allowing the District Court Action to proceed.

23. The bankruptcy case itself presents no material legal or factual overlap with Ms. Roque's employment claims. The Debtors filed these Chapter 11 cases because they were unable to satisfy creditor obligations from the proceeds of the 2025 asset sale, not because continuation of Ms. Roque's District Court Action threatens the administration of the estate. *See* Dkt. 10 at 7.

**Factor 2 — The Hardship to Ms. Roque From Continuing the Stay Outweighs Any Hardship to The Debtors**

24. Maintaining the stay would substantially prejudice Ms. Roque by indefinitely delaying adjudication of serious employment discrimination, wage-and-hour, equal-pay, and retaliation claims that were already pending in the District Court before the petition date.

25. Ms. Roque is an individual claimant who alleges that she worked approximately 90 hours per week for more than five years, was denied lawful overtime compensation, and was paid less than male comparators performing substantially similar work under similar conditions. Her claims arise under the FLSA, NJWHL, NJLAD, and NJEPA and were already the subject of active litigation, discovery, motion practice, and mediation before the bankruptcy filing.

26. By contrast, the hardship to the Debtors from lifting the stay is minimal. The Debtors have no ongoing facility operations, no employees, and no operating business to disrupt. CNA is funding the defense, and Ms. Roque seeks no recovery from estate property. The balance of hardships therefore favors limited stay relief.

27. This limited relief is consistent with the purpose of the automatic stay. The stay is intended to prevent prejudicial dissipation of estate assets; it is not intended to indefinitely prevent liquidation of liability and damages in an appropriate non-bankruptcy forum where the movant seeks no execution against estate property.

**Factor 3 — Ms. Roque Has a Reasonable Probability of Prevailing on the Merits**

28. Ms. Roque need only demonstrate a "reasonable probability"—not a certainty—of prevailing on the merits. In re Rexene Prods. Co., 141 B.R. 574, 576–78 (Bankr. D. Del. 1992). That standard is readily satisfied here.

29. Ms. Roque's claims are well-documented and supported by:
    - ADP payroll records and pay stubs documenting her hours, rates, and deductions over multiple years;
    - **Exhibit A** (Unpaid Overtime Chart) quantifying unpaid overtime wages in excess of $464,475, plus 200% statutory liquidated damages;
    - **Exhibit B** (Pay Discrimination Chart) quantifying pay differential damages in excess of $209,875, plus treble damages under the NJEPA;

7

- A mediation position statement identifying total liability exposure, including statutory multipliers and attorneys' fees, in excess of $2,000,000; and
- CNA's defense participation and $300,000 mediation offer, which further demonstrate that the District Court Action is not speculative, hypothetical, or frivolous. Ms. Roque does not rely on CNA's settlement offer as an admission of liability or coverage, but the offer confirms that the claim has real litigation value and satisfies the modest "reasonable probability" threshold for stay-relief purposes.

30. The statutory damages exposure is substantial. Under the NJLAD and NJEPA, a prevailing plaintiff is entitled to treble damages, compensatory damages, emotional distress damages, and attorneys' fees. Under the FLSA and NJWHL, a prevailing plaintiff is entitled to unpaid wages, liquidated damages, and attorneys' fees.

31. The NJWHL is New Jersey's counterpart to the FLSA. Thompson v. Real Est. Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014). It requires employers to pay employees a minimum wage and an overtime wage for hours worked above forty hours per week. N.J. Stat. Ann. § 34:11-56a4(a)–(b). Like the FLSA, the NJWHL allows aggrieved employees to sue for unpaid wages and liquidated damages "an additional amount equal to not more than 200 percent of the amount of the unpaid minimum wages." Id. § 34:11-56a25; see also Zuniga v. Am. Framing LLC, 2022 WL 203234, at 5 (D.N.J. Jan. 24, 2022) (awarding liquidated damages under NJWHL for unpaid overtime wages). *The NJWHL further affords aggrieved employees the right to recover attorneys' fees and costs. N.J. Stat. Ann. § 34:11-56a25. "New Jersey courts have repeatedly emphasized that the NJWHL is to be construed broadly, and that it was purposely drafted in parallel with the FLSA."* Thompson v. Real Est. Mortg. Network, 106 F. Supp. 3d 486, 490 (D.N.J. 2015). Courts in this District accordingly consider FLSA and NJWHL claims in the same breath. See, e.g., Singh v. A&H Logistics Corp., 2024 U.S. Dist. LEXIS 213829, at 8 (D.N.J. Nov. 22, 2024); Qu Wang v. Fu Leen Meng Rest. Ltd. Liab. Co., 2018 WL 1027446, at 3 (D.N.J. Feb. 23, 2018).

32. Applied here, Ms. Roque's documented overtime underpayment of $464,475 alone generates a potential liquidated damages award of up to $928,950 under the NJWHL—before accounting for NJLAD and NJEPA treble damages or attorneys' fees. The combined statutory exposure far exceeds the CNA Policy's EPL retention and confirms that Ms. Roque's claims are legally well-grounded and financially significant.

33. CNA's $300,000 mediation offer is not cited as an admission of liability, coverage, or damages. It is cited only to show that the District Court Action is not speculative, hypothetical, or frivolous, and that Ms. Roque's claims have sufficient litigation value to satisfy the modest "reasonable probability" threshold under Rexene. In re Rexene Prods. Co., 141 B.R. at 576–78.

### iii. MS. ROQUE EXPRESSLY LIMITS HER RECOVERY TO AVAILABLE CNA INSURANCE PROCEEDS

34. To eliminate any conceivable prejudice to the estate, Ms. Roque expressly agrees and represents that she will limit any judgment or settlement obtained in the District Court Action to recovery against the available CNA Policy proceeds only and will not execute any such judgment against assets of the bankruptcy estate or the interests of any other creditors.

8

35. This representation is binding: Ms. Roque acknowledges that her agreement to limit collection to available insurance proceeds is a condition of the requested stay relief and may be enforced by this Court in any later proceeding concerning collection or enforcement.

36. Courts in this district and throughout the Third Circuit routinely grant relief from the automatic stay on this basis, particularly where recovery is limited to insurance and the prejudice to the estate is minimal. *See, e.g.,* In re Glunk, 342 B.R. 717, 724–26 (Bankr. E.D. Pa. 2006); In re Todd Shipyards Corp., 92 B.R. 600, 603–05 (Bankr. D.N.J. 1988).

37. Ms. Roque further agrees that she will seek Court approval before executing upon or enforcing any judgment or settlement against any party or asset that may constitute property of the bankruptcy estate, preserving this Court's oversight jurisdiction.

### RELIEF REQUESTED

WHEREFORE, Creditor Angela Erika Roque respectfully requests that this Court enter an Order:

1. Granting relief from the automatic stay imposed by 11 U.S.C. § 362(a) to allow Ms. Roque to continue, prosecute, liquidate, settle, and, if necessary, appeal her claims in Angela Erika Roque v. Venetian Care & Rehabilitation Center, LLC, et al., Civil Action No. 3:23-cv-20659-GC-JTQ (D.N.J.);

2. Limiting any recovery by Ms. Roque to the proceeds of Continental Insurance Company of New Jersey (CNA) Policy No. 652081439 and not against property of the bankruptcy estate;

3. Preserving Ms. Roque's right to return to this Court to seek further relief in the event that CNA denies coverage or disputes the availability of Policy proceeds after stay relief is granted;

4. Waiving the fourteen-day stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3), because the requested relief is limited to continuation of the District Court Action and recovery from available insurance proceeds only; and

5. Granting such other and further relief as this Court deems just and proper.

Dated: 5/5/2026

Brooklyn, New York

Respectfully submitted,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T.A. BLACKBURN LAW, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
Tel: 347-342-7432
Email: tblackburn@tablackburnlaw.com
*Counsel for Creditor Angela Erika Roque*

9

**CERTIFICATION PURSUANT TO D.N.J. LBR 4001-1**

Pursuant to D.N.J. LBR 4001-1, Movant certifies that the claim of Angela Erika Roque is not a mortgage or vehicle loan claim and the statement-of-amount-due requirements of LBR 4001-1(a)(1) do not apply. Movant's claim arises from pre-petition employment discrimination, unpaid wages, and related violations as asserted in her Proof of Claim filed in these proceedings. The applicable CNA insurance policy has a Combined Maximum Aggregate of $3,000,000 and an EPL Aggregate of $2,500,000 (Policy No. 652081439).

Dated: 5/5/2026

Brooklyn, New York

Respectfully submitted,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T.A. BLACKBURN LAW, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
Tel: 347-342-7432
Email: tblackburn@tablackburnlaw.com
*Counsel for Creditor Angela Erika Roque*

**CERTIFICATION PURSUANT TO D.N.J. LBR 9013-1**

The undersigned counsel certifies that no prior application for the relief sought herein has been made to this or any other court. The legal bases for the relief requested are set forth in the motion. No separate memorandum of law is required as the motion does not raise novel legal issues and the controlling authority is set forth herein.

Dated: 5/5/2026

Brooklyn, New York

Respectfully submitted,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T.A. BLACKBURN LAW, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
Tel: 347-342-7432
Email: tblackburn@tablackburnlaw.com
*Counsel for Creditor Angela Erika Roque*

# Exhibit A

| **CNA** | | Epack 3 |
| --- | --- | --- |
| | | **GENERAL TERMS AND CONDITIONS**<br>**DECLARATIONS** |

**NOTICE:**

THE LIABILITY COVERAGE PARTS PROVIDE CLAIMS MADE COVERAGE, WHICH APPLIES ONLY TO CLAIMS FIRST MADE AGAINST THE INSUREDS DURING THE POLICY PERIOD. THE LIMIT OF LIABILITY TO PAY JUDGMENTS OR SETTLEMENT AMOUNTS SHALL BE REDUCED AND MAY BE EXHAUSTED BY PAYMENT OF DEFENSE COSTS. PLEASE READ THIS POLICY CAREFULLY.

| NAMED INSURED AND ADDRESS | | PRODUCER |
| --- | --- | --- |
| Item 1.<br><br>Attn: | Windsor Healthcare Management Limited Liability Company<br>100 Mcclellen St<br>Norwood, NJ  07648 | JOHNSON, KENDALL & JOHNSON, INC.<br>Tracy  Keelan<br>109 PHEASANT RUN<br>NEWTOWN, PA  18940 |

| CUSTOMER NUMBER | INSURER |
| --- | --- |
| 611890 | Continental Insurance Company of New Jersey |
| **POLICY NUMBER** | 151 North Franklin Street |
| 652081439 | Chicago, IL -60606 |

Item 2.    **Policy period**: 3/1/2022 to 3/1/2023  *12:01 a.m. local time per address Item 1.*

Item 3.    Notices to Insurer

| **Claims:** | **All other notices:** |
| --- | --- |
| CNA – Claims Reporting<br>P.O. Box 8317<br>Chicago, IL 60680-8317<br>Email: SpecialtyNewLoss@cna.com<br>Fax Number: 866-773-7504 | CNA Global Specialty Lines<br>100 Matsonford Road, Radnor, PA  19087 |

Item 4.    **Extended reporting period**

Period:  1 Year                    Premium:  <u>100</u>% of Policy Premium

Item 5.    **Liability coverage parts:**    Directors and Officers and Entity Liability Coverage Part

Fiduciary Liability Coverage Part

Employment Practices and Third Party Liability Coverage Part

**Non-liability coverage parts:**   N/A

Item 6.    Combined Maximum Aggregate Limit of Liability for all **liability coverage parts** (including **defense costs**):

Yes  X   <u>$3,000,000</u>                    No  <u>      </u>

These Declarations, along with the completed and signed **Application**, the policy, and any written endorsements attached shall constitute the contract between the **Insureds** and the Insurer.

Authorized
Representative:                                              Date: 05/10/2022

© CNA  All Rights Reserved.



## SCHEDULE OF FORMS AND ENDORSEMENTS

| Form Name | Form Number | Form Edition Date |
|---|---|---|
| WAGE AND HOUR DEFENSE COSTS SUBLIMITED COVERAGE ENDORSEMENT | CNA-92988-XX | 01/2019 |
| JOBS ACT EXCLUSION ENDORSEMENT | CNA-92966-XX | 01/2019 |
| CRISIS EVENT EXPENSES SUBLIMITED COVERAGE ENDORSEMENT | CNA-92991-XX | 01/2019 |
| CONDITIONAL RENEWAL ENDORSEMENT NEW JERSEY | CNA-88892-NJ | 06/2017 |
| AGING SERVICES HEALTHCARE ENDORSEMENT (D&O) | CNA-98317-XX | 04/2020 |
| CHOSEN COUNSEL ENDORSEMENT (EPL) | CNA-92890-XX | 03/2020 |
| CHOSEN COUNSEL ENDORSEMENT (EPL) | CNA-92890-XX | 03/2020 |
| CHOSEN COUNSEL ENDORSEMENT (EPL) | CNA-92890-XX | 03/2020 |
| RISK MITIGATION RETENTION CREDIT AND PRE-CLAIM ENGAGEMENT OF COUNSEL RETENTION CREDIT ENDORSEMENT | CNA-96706-XX | 08/2019 |
| IMMIGRATION CLAIM DEFENSE COSTS SUBLIMITED COVERAGE ENDORSEMENT | CNA-92990-XX | 01/2019 |
| AMEND DEFINITION OF SUBSIDIARY ENDORSEMENT (ADD SUBSIDIARY WITH EFFECTIVE DATE) | CNA-93307-XX | 01/2019 |
| OUTSIDE ENTITY ENDORSEMENT (AMENDS DEFINITION TO INCLUDE ANY NOT-FOR-PROFIT ORGANIZATION) | CNA-92939-XX | 01/2019 |
| BIOMETRICS PRIVACY EXCLUSION ENDORSEMENT | CNA-96392-XX | 06/2020 |
| NOTICE OFFER OF TERRORISM COVERAGE DISCLOSURE OF PREMIUM CONFIRMATION OF ACCEPTANCE | CNA-81758-XX | 01/2021 |
| CAP ON LOSSES FROM CERTIFIED ACTS OF TERRORISM ENDORSEMENT | CNA-92970-XX | 01/2019 |

CNA92863XX (04-19)                                                    Page 1 of 1
© CNA  All Rights Reserved.                        DEF0261

| **CNA** | Epack 3 |
| --- | --- |
| | **DIRECTORS AND OFFICERS AND ENTITY LIABILITY COVERAGE PART DECLARATIONS** |

**NOTICE:**

THIS COVERAGE PART PROVIDES CLAIMS MADE COVERAGE, WHICH APPLIES ONLY TO CLAIMS FIRST MADE AGAINST THE INSUREDS DURING THE POLICY PERIOD. THE LIMIT OF LIABILITY TO PAY JUDGMENTS OR SETTLEMENT AMOUNTS SHALL BE REDUCED AND MAY BE EXHAUSTED BY PAYMENT OF DEFENSE COSTS. PLEASE READ THIS POLICY CAREFULLY

Item 1.    **Named Insured**:  Windsor Healthcare Management Limited Liability Company

Item 2.    Aggregate Limit of Liability (including **defense costs**):    $ 3,000,000

Item 3.    Side A Additional Limit of Liability:    $ 250,000

Item 4.    Coverage Extensions Sublimits of Liability
   A.   **demand response costs**         $ 250,000
   B.   **crisis event expenses**          $ 50,000

Item 5.    Retentions:
   A.   Insuring Agreement Side B:       $ 50,000 per **claim**
   B.   Insuring Agreement Side C:       $ 50,000 per **claim**

Item 6.    Pending or Prior Litigation Date: <u>12/21/2009</u>

These Declarations, along with the completed and signed **application**, and the policy shall constitute the contract between the **insureds** and the Insurer.

Authorized Representative:

Date: 05/10/2022

CNA92841XX (01-19)

© CNA  All Rights Reserved.

DEF0262   Page 1



|  | Epack 3 |
|--|---------|
|  | **FIDUCIARY LIABILITY DECLARATIONS** |

**NOTICE:**

THIS COVERAGE PART PROVIDES CLAIMS MADE COVERAGE, WHICH APPLIES ONLY TO CLAIMS FIRST MADE AGAINST THE INSUREDS DURING THE POLICY PERIOD. THE LIMIT OF LIABILITY TO PAY JUDGMENTS OR SETTLEMENT AMOUNTS SHALL BE REDUCED AND MAY BE EXHAUSTED BY PAYMENT OF DEFENSE COSTS. PLEASE READ THIS POLICY CAREFULLY

Item 1.        **Named Insured**:  Windsor Healthcare Management Limited Liability Company

Item 2.        Aggregate Limit of Liability (including **defense costs**):  $1,000,000

Item 3.        Coverage Extensions Sublimits of Liability

|  |  |  |
|--|--|--|
| A. | **voluntary compliance costs** | $250,000 |
| B. | **covered penalties**: |  |
|  | (i)  Section 502 (c) of ERISA | $250,000 |
|  | (ii)  Pension Protection Act of 2006 | $250,000 |
|  | (iii) Health Insurance Portability and Accountability Act of 1996 | $1,000,000 |
|  | (iv) Section 4975 of the Internal Revenue Code of 1986 | $250,000 |
|  | (v)  Patient Protection and Affordable Care Act or the Health Care and Education Reconciliation Act of 2010 | $250,000 |

Item 4.        Retention: $0 per **claim**

Item 5.        Pending or Prior Litigation Date:  12/21/2009

These Declarations, along with the completed and signed **application**, and the policy shall constitute the contract between the **insureds** and the Insurer.

Authorized Representative:

Date: 05/10/2022

© CNA  All Rights Reserved.



| | Epack 3 |
| --- | --- |
| | **EMPLOYMENT PRACTICES AND THIRD PARTY LIABILITY COVERAGE PART DECLARATIONS** |

**NOTICE:**

THIS COVERAGE PART PROVIDES CLAIMS MADE COVERAGE, WHICH APPLIES ONLY TO CLAIMS FIRST MADE AGAINST THE INSUREDS DURING THE POLICY PERIOD. THE LIMIT OF LIABILITY TO PAY JUDGMENTS OR SETTLEMENT AMOUNTS SHALL BE REDUCED AND MAY BE EXHAUSTED BY PAYMENT OF DEFENSE COSTS. PLEASE READ THIS POLICY CAREFULLY

Item 1.          **Named Insured**:  Windsor Healthcare Management Limited Liability Company

Item 2.          Aggregate Limit of Liability (including **defense costs**):    $2,500,000

Item 3.          Retention: $75,000 per **claim**

Item 4.     Pending or Prior Litigation Date: <u>12/21/2009</u>

Item 5.

| Duty to Defend | X | Non Duty to Defend | |
| --- | --- | --- | --- |

These Declarations, along with the completed and signed **application**, and the policy shall constitute the contract between the **insureds** and the Insurer.

Authorized Representative:

Date: 05/10/2022

© CNA  All Rights Reserved.

# Exhibit B

**Plaintiff's Estimated Unpaid Overtime Chart**

| Time Period | Hourly Rate | Work Schedule | Weekly Hours Worked | Weekly Regular Pay | Weekly Overtime Hours | Weekly Overtime Owed | Total Weekly Pay Owed | Statutory Penalty (NJ) | Compounded 9% Interest | Wage Notice Penalty | Total Weekly Liability |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/2017 - 03/2021 | $26.00 | 15 hours/day, 6 days/week | 90 hours | $1,040.00 | 50 hours | $1,950.00 | $2,990.00 | $3,900.00 | $683,699.08 | $500.00 | $7,240.10 |
| 03/2021 - 06/2021 | $40.00 | 15 hours/day, 6 days/week | 90 hours | $1,600.00 | 50 hours | $3,000.00 | $4,600.00 | $6,000.00 | $3,440.28 | $500.00 | $11,640.00 |
| 06/2021 – 07/2022 | $45.00 | 15 hours/day, 6 days/week | 90 hours | $1,800.00 | 50 hours | $3,375.00 | $5,175.00 | $6,750.00 | $948,978.91 | $500.00 | $13,047.50 |

**Explanation: Plaintiff's Unpaid Overtime Chart**

This chart provides a detailed calculation of Plaintiff's unpaid overtime wages based on her work schedule, statutory penalties, and compounded interest. The following key elements are addressed:

1. **Work Schedule and Hours:**
   - Plaintiff consistently worked 15 hours per day, 6 days per week, totaling **90 hours per week**.
   - This includes 40 regular hours and **50 overtime hours per week**, qualifying for 1.5 times her regular pay rate.

2. **Weekly and Total Overtime Wages:**
   - Overtime wages were calculated based on Plaintiff's hourly rate, adjusted for 1.5x for overtime hours. For example:
     - From February 2017 to March 2021, Plaintiff earned $26/hour. Her weekly overtime pay for 50 hours was calculated at $1,950.00.

3. **Statutory Penalties:**
   - Under New Jersey law, statutory penalties equal **200% of unpaid wages**. These penalties are applied to the total unpaid overtime for each period.

4. **Compounded 9% Interest:**
   - Interest is compounded annually on the unpaid wages, further increasing the liability for each period. Interest is calculated using the formula: $A=P\times(1+r)t$ $A=P\times(1+r)t$ Where:
     - $A$ = Total amount with interest.
     - $P$ = Total unpaid wages.
     - $r$ = Annual interest rate (0.09).
     - $t$ = Years elapsed.

5. **Wage Notice Penalties:**
   - Defendant failed to provide wage notices as required under N.J.S.A. 34:11-4.6. A penalty of $500 per week was added to reflect this statutory violation.

**9% Compounded Interest on Unpaid Overtime and Wages**

The following section details the 9% annual compounded interest calculations for unpaid overtime and wages across the relevant periods:

| Time Period | Total Overtime Wages | Annual Interest Rate | Years Elapsed | Compounded Interest |
|---|---|---|---|---|
| 02/2017 - 03/2021 | $233,100.00 | 9% | 4.1 | $94,045.27 |
| 03/2021 - 06/2021 | $39,000.00 | 9% | 0.3 | $1,050.30 |
| 06/2021 - 07/2022 | $192,375.00 | 9% | 1.1 | $19,743.27 |
| **Total** | $464,475.00 | | | $114,838.84 |

**Explanation of Calculations**:
1. <u>Annual Interest Rate</u>: The statutory interest rate of 9% is applied to the unpaid overtime wages for each period.
2. <u>Years Elapsed</u>: Represents the time from the midpoint of each period to the present (approximately 2023).
3. <u>Compounded Interest</u>: Interest is compounded annually, resulting in significant increases over time.

**Total Liability Including Interest**:

| Total Overtime Wages | Statutory Penalty (200%) | Compounded Interest | Total Liability Including Interest |
|---|---|---|---|
| $464,475.00 | $928,950.00 | $114,838.84 | $1,508,263.84 |

# Exhibit C

**Plaintiff's Estimated Pay Discrimination Damages Chart**

| Time Period | Plaintiff's Pay Rate | Comparator's Pay Rate | Hours Worked Per Week | Overtime Hours Per Week | Weeks Worked | Regular Weekly Pay Difference | Overtime Weekly Pay Difference | Total Weekly Pay Difference | Total Pay Disparity | Statutory Penalty (200%) | Total Damages |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/2017 - 03/2021 | $26.00 | $30.00 | 90 | 50 | 210 | $160.00 | $300.00 | $460.00 | $96,600.00 | $193,200.00 | $289,800.00 |
| 03/2021 - 06/2021 | $40.00 | $50.00 | 90 | 50 | 13 | $400.00 | $750.00 | $1,150.00 | $14,950.00 | $29,900.00 | $44,850.00 |
| 06/2021 - 07/2022 | $45.00 | $60.00 | 90 | 50 | 57 | $600.00 | $1,125.00 | $1,725.00 | $98,325.00 | $196,650.00 | $294,975.00 |
| Total | | | | | | | | | $209,875.00 | $419,750.00 | $629,625.00 |

**Explanation**:
1. Regular Weekly Pay Difference: Difference in pay rates multiplied by 40 hours per week.
2. Overtime Weekly Pay Difference: Difference in pay rates (1.5x) for 50 overtime hours per week.
3. Total Weekly Pay Difference: Sum of regular and overtime weekly pay differences.
4. Total Pay Disparity: Weekly pay difference multiplied by the total number of weeks worked in each period.
5. Statutory Penalty: 200% of the total pay disparity as mandated by the New Jersey Equal Pay Act.
6. Total Damages: Sum of total pay disparity and statutory penalty.

**9% Compounded Interest on Total Pay Disparity**

The following section calculates the 9% annual compounded interest on the total pay disparity for each period:

| Time Period | Total Pay Disparity | Annual Interest Rate | Years Elapsed | Compounded Interest |
|---|---|---|---|---|
| 02/2017 - 03/2021 | $96,600.00 | 9% | 4.1 | $38,983.23 |
| 03/2021 - 06/2021 | $14,950.00 | 9% | 0.3 | $402.45 |
| 06/2021 - 07/2022 | $98,325.00 | 9% | 1.1 | $10,098.67 |
| Total | $209,875.00 | | | $49,484.35 |

**Explanation of Interest Calculations:**

1. Annual Interest Rate: The statutory interest rate of 9% is applied to the total pay disparity for each time period.
2. Years Elapsed: Represents the time from the midpoint of each period to the present (approximately 2023 for this calculation).
3. Compounded Interest: Interest is compounded annually, calculated using the formula:

Where:

- Total amount after interest
- Principal (Total Pay Disparity)
- Annual interest rate (0.09)
- Years elapsed.

**Total Damages Including Interest:**

| Total Pay Disparity | Statutory Penalty (200%) | Compounded Interest | Total Damages With Interest |
|---|---|---|---|
| $209,875.00 | $419,750.00 | $49,484.35 | $679,109.35 |

**TYRONE A. BLACKBURN, ESQ.**
T.A. BLACKBURN LAW, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
Tel: 347-342-7432
Email: Tblackburn@tablackburnlaw.com
*Counsel for Creditor Angela Erika Roque*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Venetian Care & Rehabilitation Center, LLC, et al.,<br><br>                    Debtors. | Case No.: 26-14510 (VFP)<br>(Jointly Administered)<br><br>Chapter 11<br><br>Attorney Certification of<br>Tyrone A. Blackburn, Esq. |

I, Tyrone A. Blackburn, Esq., hereby certify as follows:

1. I am an attorney at law duly admitted to practice before the courts of the State of New York and the United States District Court for the District of New Jersey. I am the principal of T.A. Blackburn Law, PLLC, counsel for Creditor Angela Erika Roque ("Ms. Roque" or "Movant") in connection with her claims against Venetian Care & Rehabilitation Center, LLC and related defendants.

2. I submit this Certification in support of Ms. Roque's Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d)(1), Federal Rule of Bankruptcy Procedure 4001(a), and D.N.J. LBR 4001-1, seeking limited stay relief to allow Ms. Roque to continue prosecuting her pending employment litigation in the United States District Court for the District of New Jersey solely for the purpose of liquidating her claims and recovering against available insurance proceeds, and not against property of the Debtors' bankruptcy estates.

3. The facts set forth herein are based upon my personal knowledge, my review of the pleadings and records in the District Court Action, my review of the documents and information provided by Ms. Roque, my communications with counsel and insurance representatives in connection with the District Court Action, and my review of filings in these jointly administered Chapter 11 cases.

4. Ms. Roque is the plaintiff in the civil action captioned Angela Erika Roque v. Venetian Care & Rehabilitation Center, LLC, et al., Civil Action No. 3:23-cv-20659-GC-JTQ, pending in the United States District Court for the District of New Jersey (the "District Court Action").

5. The District Court Action was commenced on or about November 9, 2023, before the Debtors filed their Chapter 11 petitions.

6. The District Court Action asserts pre-petition employment claims, including claims for unpaid overtime wages, wage-and-hour violations, equal-pay violations, sex-based pay

1

discrimination, retaliation, and related employment-law violations under the Fair Labor Standards Act, the New Jersey Wage and Hour Law, the New Jersey Law Against Discrimination, and the New Jersey Diane B. Allen Equal Pay Act.

7. Ms. Roque was employed by Debtor Venetian Care & Rehabilitation Center, LLC, located at 275 John T. O'Leary Boulevard, South Amboy, New Jersey 08879, from approximately February 2017 through July 2022.

8. Based on the allegations and supporting materials in the District Court Action, Ms. Roque regularly worked approximately 90 hours per week, consisting of approximately 15 hours per day, 6 days per week, and alleges that she was not paid all overtime compensation required by law.

9. Ms. Roque also alleges that she was paid below male comparators performing substantially similar work under similar working conditions.

10. Ms. Roque's damages analysis, payroll records, pay stubs, and mediation submissions reflect alleged damages exceeding $2,000,000 when unpaid wages, statutory multipliers, liquidated damages, and attorneys' fees are considered.

11. Prior to the Debtors' bankruptcy filing, the District Court Action was actively litigated. The parties engaged in litigation activity, discovery, motion practice, and mediation.

12. A mediation was conducted in the District Court Action before the bankruptcy filing. Continental Insurance Company of New Jersey/CNA participated in that mediation.

13. During mediation, CNA made a settlement offer of $300,000 to resolve Ms. Roque's claims. Ms. Roque rejected that offer as inadequate.

14. The Debtors and/or related insureds are covered, or have been defended, under an employment practices liability insurance policy issued by Continental Insurance Company of New Jersey/CNA, Policy No. 652081439.

15. Based upon the policy information available to Movant, Policy No. 652081439 includes Employment Practices Liability coverage, an EPL aggregate limit of $2,500,000, a combined maximum aggregate of $3,000,000, a $75,000 retention, and a duty to defend.

16. CNA has accepted the tender of defense in the District Court Action and has funded the defense of the Debtors and/or co-defendants.

17. CNA's conduct, including funding the defense, participating in mediation, and making a settlement offer, confirms at minimum that CNA has treated the District Court Action as falling within the Policy's defense obligations.

18. Ms. Roque does not seek relief from the automatic stay to execute against, garnish, attach, levy upon, seek turnover of, or otherwise collect from property of the Debtors' bankruptcy estates.

19. Ms. Roque seeks relief only to continue, prosecute, liquidate, settle, and, if necessary, appeal her claims in the District Court Action and to recover solely from available insurance proceeds.

20. Ms. Roque agrees that any judgment, settlement, award, or other recovery obtained in the District Court Action shall be collectible only from available insurance proceeds unless further order of this Court is obtained.

21. Ms. Roque further agrees that, if CNA denies coverage, disputes the availability of policy proceeds, asserts a reservation of rights or coverage position that materially affects recovery, or otherwise refuses to satisfy any covered judgment, settlement, or award, Ms. Roque may return to this Court to seek appropriate further relief.

2

22. On April 23, 2026, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, commencing the above-captioned jointly administered cases.

23. Upon the filing of the Chapter 11 petitions, the automatic stay imposed by 11 U.S.C. § 362(a) stayed continuation of the District Court Action against the Debtors.

24. Based upon my review of the Debtors' first-day filings, the Debtors sold their skilled nursing facilities to new operators in or around April 2025.

25. Based upon my review of the Debtors' first-day filings, as of the petition date, the Debtors had no employees, operated no facilities, provided no healthcare services, and existed primarily to collect and distribute accounts receivable pending Change of Ownership approvals.

26. The Debtors' first-day filings further state that the bankruptcy cases were caused by the Debtors' inability to satisfy creditor obligations from proceeds of the 2025 asset sale.

27. Based upon those facts, continuation of the District Court Action for the limited purpose of recovering solely from available insurance proceeds will not interfere with any ongoing operations of the Debtors.

28. Because CNA is funding the defense and Ms. Roque seeks no recovery from estate property, the relief requested will not prejudice the Debtors' bankruptcy estates or other creditors.

29. The requested relief will promote judicial economy because the District Court Action was already pending in the United States District Court for the District of New Jersey before the bankruptcy filing and involves federal and New Jersey employment-law claims that are most appropriately liquidated in that forum.

30. Ms. Roque's Motion is not a motion concerning a mortgage or vehicle loan claim. The statement-of-amount-due requirements of D.N.J. LBR 4001-1(a)(1), which apply as applicable to secured mortgage or vehicle-payment stay-relief motions, do not apply to Ms. Roque's employment-law claim. D.N.J. LBR 4001-1 identifies the required statement-of-amount-due and supporting exhibits "as applicable" for relief-from-stay motions.

31. No prior application for the relief requested in the Motion has been made to this Court or to any other court.

32. A proposed form of order is being submitted together with the Motion.

33. For the reasons set forth in the Motion and herein, I respectfully request that the Court enter an Order modifying the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1), permitting Ms. Roque to continue, prosecute, liquidate, settle, and, if necessary, appeal the District Court Action solely for the purpose of recovering against available insurance proceeds, and not against property of the Debtors' bankruptcy estates.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: 5/5/2026
Brooklyn, New York

Respectfully submitted,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

3

T.A. BLACKBURN LAW, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
Tel: 347-342-7432
Email: tblackburn@tablackburnlaw.com
*Counsel for Creditor Angela Erika Roque*

**TYRONE A. BLACKBURN, ESQ.**
T.A. BLACKBURN LAW, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
Tel: 347-342-7432
Email: Tblackburn@tablackburnlaw.com
*Counsel for Creditor Angela Erika Roque*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| In re: | Chapter 11 |
|---|---|
| Venetian Care & Rehabilitation Center, LLC, et al., | Case No.: 26-14510 (VFP) (Jointly Administered) |
| Debtors. | Declaration of Angela Erika Roque |

I, Angela Erika Roque, declare as follows:

1. I am the Movant and a creditor in the above-captioned Chapter 11 bankruptcy cases.

2. I submit this Declaration in support of my Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d)(1), Federal Rule of Bankruptcy Procedure 4001(a), and D.N.J. LBR 4001-1.

3. I have personal knowledge of the facts set forth in this Declaration. If called as a witness, I could and would testify competently to these facts.

4. I am the plaintiff in the civil action captioned *Angela Erika Roque v. Venetian Care & Rehabilitation Center, LLC, et al.*, Civil Action No. 3:23-cv-20659-GC-JTQ, pending in the United States District Court for the District of New Jersey.

5. I commenced the District Court Action on or about November 9, 2023, before the Debtors filed for bankruptcy.

6. My claims in the District Court Action arise from my employment with Venetian Care & Rehabilitation Center, LLC.

7. I was employed by Venetian Care & Rehabilitation Center, LLC, located at 275 John T. O'Leary Boulevard, South Amboy, New Jersey 08879, from approximately September 2017 through July 2022.

8. During my employment, I regularly worked approximately 90 hours per week, consisting of approximately 15 hours per day, 6 days per week.

9. I allege in the District Court Action that I was not paid all overtime compensation required by law.

10. I also allege in the District Court Action that I was paid less than male employees who performed substantially similar work under similar working conditions.

11. My claims include unpaid overtime, wage-and-hour violations, equal-pay violations, sex-based pay discrimination, retaliation, and related employment-law violations.

12. My claims are asserted under, among other laws, the Fair Labor Standards Act, the New Jersey Wage and Hour Law, the New Jersey Law Against Discrimination, and the New Jersey Diane B. Allen Equal Pay Act.

1

13. Before the Debtors filed for bankruptcy, the District Court Action was actively pending and being litigated.

14. Before the Debtors filed for bankruptcy, the parties participated in discovery, motion practice, and mediation.

15. I participated in mediation in the District Court Action before the bankruptcy filing.

16. Continental Insurance Company of New Jersey/CNA participated in the mediation.

17. During mediation, CNA made a settlement offer of $300,000 to resolve my claims.

18. I rejected the $300,000 offer because I believed it was inadequate based on the amount of unpaid wages, statutory damages, equal-pay damages, liquidated damages, and attorneys' fees at issue.

19. Based on my payroll records, pay stubs, damages calculations, and mediation submissions, I contend that my damages exceed $2,000,000 when unpaid wages, statutory multipliers, liquidated damages, and attorneys' fees are considered.

20. I understand that CNA has been funding the defense of the District Court Action.

21. I also understand that the Debtors and/or related insureds are covered, or have been defended, under Policy No. 652081439 issued by Continental Insurance Company of New Jersey/CNA.

22. I am seeking relief from the automatic stay for a limited purpose only.

23. I seek permission to continue, prosecute, liquidate, settle, and, if necessary, appeal my claims in the District Court Action.

24. I am not seeking permission to execute against, garnish, attach, levy upon, seek turnover of, or otherwise collect from property of the Debtors' bankruptcy estates.

25. I agree that any judgment, settlement, award, or other recovery I obtain in the District Court Action will be collectible only from available insurance proceeds unless I first obtain further order of this Bankruptcy Court.

26. I agree that if CNA denies coverage, disputes the availability of insurance proceeds, asserts a reservation of rights or coverage position that materially affects recovery, or otherwise refuses to satisfy any covered judgment, settlement, or award, I may return to this Bankruptcy Court to seek appropriate further relief.

27. If the automatic stay is not modified, I will be prejudiced because I will be unable to continue litigating claims that were already pending in the District Court before the bankruptcy filing.

28. Maintaining the automatic stay would delay my ability to liquidate my claims and pursue available insurance proceeds.

29. I believe that allowing the District Court Action to continue solely for the purpose of recovering from available insurance proceeds will not harm the Debtors' bankruptcy estates because I am not seeking to collect from estate assets.

30. I respectfully request that the Court grant my Motion for Relief from the Automatic Stay and permit the District Court Action to proceed for the limited purpose stated in the Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 5, 2026.

_____
Angela Erika Roque
Movant/Creditor

2

## NOTARY ACKNOWLEDGMENT / JURAT

State of _New Jersey_
County of _Monmouth_

On this _5th_ day of _May_____, 2026, before me, the undersigned Notary Public, personally appeared Angela Erika Roque, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the foregoing Declaration, and who, being by me duly sworn, did depose and state that she has read the foregoing Declaration, knows the contents thereof, and that the same is true and correct to the best of her knowledge, information, and belief.

_____ Notary Public

Print Name: _Youssef Metwaly_____

My Commission Expires: _11/12/2030_____

Youssef Metwaly
NOTARY PUBLIC
State of New Jersey
ID # 50239472
My Commission Expires 11/12/2030

[Notary Seal]

3

**TYRONE A. BLACKBURN, ESQ.**
T.A. BLACKBURN LAW, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
Tel: 347-342-7432
Email: Tblackburn@tablackburnlaw.com
*Counsel for Creditor Angela Erika Roque*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Venetian Care & Rehabilitation Center, LLC, et al.,<br><br>Debtors. | Case No.: 26-14510 (VFP)<br>(Jointly Administered)<br><br>Chapter 11<br>[Proposed] Order |

ORDER GRANTING CREDITOR ANGELA ERIKA ROQUE'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) TO ALLOW CONTINUATION OF PENDING EMPLOYMENT LITIGATION FOR THE SOLE PURPOSE OF RECOVERING AGAINST AVAILABLE INSURANCE PROCEEDS

The relief set forth on the following pages is ORDERED.

DATED: _____, 2026

_____
HONORABLE VINCENT F. PAPALIA
UNITED STATES BANKRUPTCY JUDGE

1

Upon the motion of Creditor Angela Erika Roque ("Movant" or "Ms. Roque") for entry of an order modifying the automatic stay pursuant to 11 U.S.C. § 362(d)(1), Federal Rule of Bankruptcy Procedure 4001(a), and D.N.J. LBR 4001-1, to permit Ms. Roque to continue and prosecute the pending civil action captioned Angela Erika Roque v. Venetian Care & Rehabilitation Center, LLC, et al., Civil Action No. 3:23-cv-20659-GC-JTQ, pending in the United States District Court for the District of New Jersey (the "District Court Action"), solely for the purpose of liquidating her claims and recovering against available insurance proceeds under Policy No. 652081439 issued by Continental Insurance Company of New Jersey/CNA, and not against property of the Debtors' bankruptcy estates; and the Court having considered the Motion, the Notice of Motion, the certifications submitted in support thereof, any opposition or response thereto, the record of these jointly administered Chapter 11 cases, and the arguments of counsel, if any; and due and proper notice of the Motion having been given; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found cause to modify the automatic stay under 11 U.S.C. § 362(d)(1); and good cause appearing for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The automatic stay imposed by 11 U.S.C. § 362(a) is modified, solely to the extent necessary, to permit Ms. Roque to continue, prosecute, liquidate, settle, and, if necessary, appeal her claims in the District Court Action captioned Angela Erika Roque v. Venetian Care & Rehabilitation Center, LLC, et al., Civil Action No. 3:23-cv-20659-GC-JTQ, pending in the United States District Court for the District of New Jersey.

3. The relief granted herein is limited to permitting Ms. Roque to liquidate her claims in the District Court Action and to pursue recovery solely from available insurance proceeds, including any applicable proceeds available under Policy No. 652081439 issued by Continental Insurance Company of New Jersey/CNA, including any applicable Employment Practices Liability or related coverage available for the District Court Action.

4. Nothing in this Order authorizes Ms. Roque to execute upon, garnish, attach, levy against, seek turnover of, or otherwise collect from any property of the Debtors' bankruptcy estates.

5. Any judgment, settlement, award, or other recovery obtained by Ms. Roque in the District Court Action shall be collectible only from available insurance proceeds, unless Ms. Roque first obtains further order of this Court authorizing any additional relief.

6. Nothing in this Order shall be deemed to determine the existence, scope, amount, priority, availability, exhaustion, or applicability of any insurance coverage, policy proceeds, retention, deductible, reservation of rights, coverage defense, or indemnity obligation. All rights of Ms. Roque, the Debtors, Continental Insurance Company of New Jersey/CNA, and any other party in interest are expressly preserved with respect to any insurance-coverage issue.

7. Nothing in this Order shall be deemed to allow or authorize any claim against the Debtors or their bankruptcy estates beyond the limited stay relief expressly granted herein.

8. Nothing in this Order shall affect, impair, waive, release, or modify any rights, claims, defenses, counterclaims, or objections of any party in the District Court Action, all of which are expressly preserved.

2

9. Nothing in this Order shall constitute a determination of the allowance, amount, classification, priority, or treatment of any proof of claim filed by Ms. Roque in these Chapter 11 cases.

10. Ms. Roque's right to return to this Court to seek further relief is preserved in the event that Continental Insurance Company of New Jersey/CNA denies coverage, disputes the availability of policy proceeds, asserts a reservation of rights or coverage position that materially affects recovery, or otherwise refuses to satisfy any covered judgment, settlement, or award.

11. The fourteen-day stay otherwise imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived, and this Order shall be effective immediately upon entry.

12. This Court shall retain jurisdiction to interpret, implement, and enforce the terms of this Order.

3