| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **POLSINELLI PC**<br>Brett D. Goodman (NJ Bar No. 034422006)<br>600 Third Avenue, 42nd Floor<br>New York, New York 10016<br>Telephone: (212) 803-9911<br>Facsimile: (917) 725-9863<br>bgoodman@polsinelli.com<br><br>*Counsel for the New Operators* | |

| | |
|---|---|
| In re:<br><br>VENETIAN CARE & REHABILITATION<br>CENTER, LLC, *et al.,*[1]<br><br><div align=center>Debtors.</div> | Chapter 11<br><br>Case No. 26-14510 (VFP)<br><br>Judge: Vincent F. Papalia<br><br>(Jointly Administered) |

### NEW OPERATORS' LIMITED OBJECTION TO ENTRY OF FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION <u>INTERCOMPANY CLAIMS, AND (III) GRANTING RELATED RELIEF</u>

Buckingham Healthcare & Rehab Center LLC, Ashbrook Healthcare & Rehab Center LLC,

Cornell Healthcare & Rehab Center LLC, Point View Care and Rehab Center LLC, and Canterbury

Healthcare & Rehab Center LLC (together, the "**New Operators**"), by and through their undersigned

counsel, hereby file this limited objection and reservation of rights (the "**Objection**") to *Debtors'*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Venetian Care & Rehabilitation Center, LLC (3447); Windsor Healthcare Management, LLC (8442); Buckingham at Norwood Care & Rehabilitation Center, LLC (8881); Ashbrook Care & Rehabilitation Center LLC (8833); Cornell Hall Care & Rehabilitation Center LLC (9141); Greenbrook Manor Care & Rehabilitation Center LLC (9365); Llanfair House Care & Rehabilitation Center LLC (9620); Merwick Care & Rehabilitation Center, LLC (9389); Canterbury at Cedar Grove Care & Rehabilitation Center LLC (8863). The location of the Debtors' principal place of business is 100 McClellan Street, Norwood, NJ 07648.

111197824.3

*Amended Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Administrative Expense Status to Postpetition Intercompany Claims, and (Iii) Granting Related Relief* [ Docket No. 14] (the "**Cash Management Motion**").[2] In support of their Objection, New Operators respectfully state the following:

1.      On April 23, 2026, the above-captioned debtors and debtors-in-possession (the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the Bankruptcy Court for the District of New Jersey (the "**Court**"). On April 30, 2026, the Debtors filed the Cash Management Motion, which was heard on an interim basis on May 4, 2026 (the "**Interim Hearing**"). Following the Interim Hearing, the Court entered an order [Docket No. 24] (the "**Interim Order**"), granting the requested relief on an interim basis. The hearing to consider entry of a final order (the "**Final Order**") granting the relief requested in the Cash Management Motion is currently set for May 21, 2026 at 10:00 a.m. (prevailing Eastern Time), with objections due by May 18, 2026.

2.      The Interim Order contains the following language, which the Debtors agreed to include at the Interim Hearing:

> The Debtors receive and hold in trust for the benefit of the New Operators all amounts received on account of post-closing services performed at the skilled nursing facilities pursuant to the OTA's ("Post-Closing Receipts"). To the extent a Debtor received or receives any Post-Closing Receipts on or after the Petition Date, the Debtor shall (a) transfer from the Debtor accounts and maintain such funds in a segregated account pending remittance to the applicable New Operator; (b) remit (i) 70% of the Post-Closing Receipts to the applicable New Operator no later than two (2) business days after such receipt and (ii) any remaining amounts owed to the New Operators on account of the Post-Closing Receipts within two (2) business

---

[2] Capitalized terms not otherwise defined herein shall have the meanings assigned to them in the Cash Management Motion.

111197824.3

days of confirmation that such funds are property of the New Operator. The Debtors shall perform a reconciliation of the Post-Closing Receipts not less than weekly and promptly remit the amounts required to be paid to the relevant New Operators in accordance with the prior sentence.

*See* Interim Order, at ¶ 19.

3.      Since entry of the Interim Order, the Debtors have remitted some Post-Closing Receipts to some of the New Operators; however, the Post-Closing Receipts remitted to the New Operators are significantly less than what the New Operators are supposed to receive based on both Debtors' and the New Operators' books and records. For example, Debtor's books and records reflect a balance of $650,170.60 owed to New Operator Cornell Healthcare & Rehab Center LLC ("**Cornell**"); however, only $131,000.00 in Post-Closing Receipts was remitted to Cornell. Moreover, despite the New Operators' requests, the Debtors have failed to provide the required weekly reconciliations or any other information to the New Operators so that the New Operators can attempt to reconcile the Post-Closing Receipts actually remitted to them against the amounts that were supposed to be remitted to them. To date, Debtors have failed to provide an explanation for the Cornell discrepancy or their failure to cooperate with requirements of the Interim Order.

4.      As a result, New Operators believe that Debtors' continued control over their existing Cash Management System will result in further failures to remit the amounts owed to New Operators and comply this Court's orders. Accordingly, in addition to the inclusion of the language from paragraph 19 of the Interim Order in the Final Order, New Operators assert that either (i) a neutral third party should control the Debtors' accounts to ensure compliance with the Court's Order or (ii) more stringent and formal compliance requirements should be included in the Final Order to ensure compliance with the Debtors' remittance obligations.

3

Dated:  May 18, 2026

**POLSINELLI PC**

*/s/ Brett D. Goodman*
Brett D. Goodman (NJ Bar No. 034422006)
600 Third Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 803-9911
Facsimile: (917) 725-9863
bgoodman@polsinelli.com

*Counsel for the New Operators*

## CERTIFICATION OF SERVICE

I hereby certify that on the 18th day of May, 2026, a true and correct copy of the foregoing

*Limited Objection* was served electronically to Debtors' counsel, the U.S. Trustee, and the

interested parties who have requested notice by ECF notification from the court in this case.

*/s/  Brett D. Goodman*

4

111197824.3